IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TIJUANA TAYLOR, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:16-CV-01392-RC |
| | § | |
| v. | § | |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On May 11, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the ALJ's Decision be affirmed. Docket No. 21. Plaintiff filed an objection on May 29, 2018. Docket No. 22.

Plaintiff objects to the Magistrate Judge's R&R on the sole basis that the Commissioner's decision was not supported by substantial record evidence. Docket No. 22 at 1–2. Plaintiff argues the Commissioner did not give proper weight to a July 2015 medical source statement diagnosing Plaintiff with a more severe version of OCD due to Plaintiff's hoarding. *Id.* at 2. Plaintiff argues that the medical source statement "should have considered [Plaintiff's] hoarding disorder, [which is] a new mental-disorder in the DSM-V, as of May 3, 2013." *Id.* Although Plaintiff argues that this new mental disorder should be considered outside the parameters of OCD, that does not change the fact the medical source statement fully considered the fact that Plaintiff was hoarding. R&R at 7 (citing Transcript ("Tr.") at 17). The R&R considered the diagnosis of hoarding, and noted that the ALJ specifically discussed this diagnosis and noted that

he gave it less weight because the diagnosis was from a subjective complaint from a friend of Plaintiff, and not from Plaintiff or her doctor's personal observations. R&R at 7–9 (citing Tr. at 17–18). The R&R stated that Plaintiff's overall treatments showed only mild to moderate limitations. *Id.* The R&R found that the record as a whole supported the ALJ's conclusion that Plaintiff could understand, carry out, and remember simple instructions and appropriately respond to supervision, coworkers, and usual work situations. *Id.* at 19. Plaintiff fails to raise an argument that the R&R did not fully consider the record for Plaintiff's hoarding, and the Court does not see any error in this assessment.[1]

## CONCLUSION

For all the foregoing reasons, the Court **AFFIRMS** the ALJ's decision and **ADOPTS** the Magistrate Judge's Report and Recommendation. Docket No. 21. This action is **DISMISSED WITH PREJUDICE**.

So **ORDERED** and **SIGNED** this **19** day of **June, 2018.**

_____
Ron Clark, United States District Judge

---

[1] Plaintiff requests "to submit additional evidence on this issue and legal argument on this issue." Docket No. 22 at 3. However, Plaintiff has filed a brief and objections to the R&R, where Plaintiff was fully capable of briefing this specific issue. The Court sees no reason to grant an opportunity to give any additional evidence or legal argument. Additionally, for the reasons expressed in this Order Adopting and the R&R, additional evidence addressing Plaintiff's hoarding diagnosis would not change the outcome of the case. The ALJ did consider Plaintiff's hoarding in his assessment, and the ALJ discounted it due to the record as a whole.